## PAPPENHEIMER v. ALLEN.
### No. 12106.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1947.

Martin E. Kilpatrick, of Atlanta, Ga., for appellant.

Theron L. Caudle, Asst. Atty. Gen., Melva M. Graney, Sewall Key, Helen R. Carloss, Robert N. Anderson and Robert R. Reynolds, Sp. Assts. to the Atty. Gen., and John P. Cowart, U. S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Pappenheimer, owning a furnished home, was in 1939 divorced from his wife, and by an agreed judgment respecting alimony it was provided: "That until party of the second part (Mrs. Pappenheimer) dies, or remarries, or until both of said children marry or reach the age of twenty-three, or voluntarily leave their mother whichever event occurs earliest, said party of the second part shall have the right to live in the home of the party of the first part. (Pappenheimer) at 2525 Woodward Way, Fulton County, Georgia, but she shall not at any time take in or permit boarders or roomers in said home for pay or compensation. * * *" Mrs. Pappenheimer's occupancy was terminated August, 1943, by one daughter having married and the other become twenty-three years old. For the tax year 1942 Pappenheimer in his income tax return took a deduction of $2400 as the rental value of the residence, under the provisions of the tax act of 1942 discussed below, and again in 1943 a similar deduction of $1400 for the seven months of that year during which Mrs. Pappenheimer occupied it. These deductions were disallowed and additional taxes assessed and collected, and refund being neglected, suit was brought for their recovery; and on stipulated facts, including one that the fair rental value of the residence during each month in 1942 and through July, 1943, was $200 per month, a recovery was denied on a construction of the law. This appeal followed.

By the Tax Act of 1942, § 120(b), 26 U. S.C.A.Int.Rev.Code, § 23(u) an amendment to Section 23 of the Internal Revenue Code which lists the allowable deductions was added: "(u) Alimony, etc., Payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22(k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection." Pappenheimer's claim to this deduction is not allowable unless (1) he has made a "payment" includible in his wife's income under Section 22(k), and (2) there is no statement in that section excluding the amount from his income.

Pappenheimer urges that the monthly rental values of the home are "periodic payments" received in discharge of, or attributable to property transferred in discharge of, a legal marital obligation imposed on him by the divorce agreement and decree and made income to his wife by Section 22(k).[1] The district judge held there were no periodic payments in any ordinary sense, and we agree. It is true that

[1] Section 171 relates to trusts and is inapplicable here. The pertinent part of Section 22(k) is: "In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband."

430

a payment may be made in property, and if the enjoyment of the residence be thought of as a payment of his alimony, it was a payment by transferring a property right in the home; but then it is not periodic, but is a single right to occupy until her death or remarriage, or until the children both leave her, or marry or reach the age of twenty-three. Nobody paid any monthly rent. She occupied under the right granted her, as a sort of estate. But if the rental values can be considered "periodic payments", they are attributable to property transferred and Section 22(k) goes on to say that although they are income to the wife, "Such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband", and the last sentence of Section 23 (u) says that because of that provision in 22(k) the husband may have no deduction. The theory of the subsections is that the wife shall pay tax on what she periodically receives from the husband in money or property. If he pays money, it will ordinarily be from his taxed income, and he is granted a deduction to avoid double taxation to him and his former wife. If the payments are attributable to property transferred, the wife is to be taxed on them, but they are not to be taxed to the husband as income because he did not receive them; but he has no deduction because they did not form part of his taxed income. These claimed deductions were properly disallowed.

Judgment affirmed.