DORIS B. MARINELLO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2642–69SC.   Filed March 24, 1970.

*Albert J. Mayer*, for the petitioner.
*Robert B. Dugan*, for the respondent.

#### OPINION

SIMPSON, *Judge:* The respondent determined a deficiency of $273 in the petitioner's 1966 income tax. One issue has been settled; the only

issue remaining for decision is whether the petitioner is taxable on amounts expended in her behalf for rent and heat by her former husband pursuant to a divorce decree.

All of the facts have been stipulated, and those facts are so found.

The petitioner, Doris B. Marinello, resided in Malden, Mass., at the time the petition was filed in this case. She filed her 1966 Federal income tax return with the district director of internal revenue in Boston, Mass.

The petitioner was divorced from Anthony L. Marinello in 1955. The divorce decree provided that the petitioner have custody of her two minor children and that Mr. Marinello pay $15 per week as alimony and $25 per week for the support of the children. In addition, the decree provided that Mr. Marinello furnish "free rent and heat" for the petitioner's home.

Pursuant to the decree of divorce, the petitioner resided in one unit of a three-family dwelling at 55 Cleveland Street, Malden, Mass., from 1955 to 1962. From 1955 to 1960, such dwelling was owned by Mr. Marinello. In 1960, Mr. Marinello transferred the 55 Cleveland Street residence to Anthony Homes, Inc., a corporation wholly owned by him.

In 1962, due to the deteriorated condition of the 55 Cleveland Street residence, the petitioner moved to the second-floor apartment of premises owned by Mr. Marinello at 96 Cross Street, Malden, Mass., where she continued to reside through 1966. In 1965, Mr. Marinello transferred his interest in 96 Cross Street to Anthony Homes, Inc.

During 1966, Mr. Marinello, pursuant to the decree of divorce, paid $600 to Anthony Homes, Inc., as rent for the apartment occupied by the petitioner; he also made payment for fuel in the amount of $235.41.

Section 71(a)(1) of the Internal Revenue Code of 1954 [1] provides that:

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

The petitioner contends that her receipt, during the taxable year, of free rent and heat was in the nature of a property interest, and was not a periodic payment taxable as alimony under section 71. In support

---

[1] All statutory references are to the Internal Revenue Code of 1954.

of this position, she relies on the cases of *Pappenheimer* v. *Allen*, 164 F. 2d 428 (C.A. 5, 1947), and *James Parks Bradley*, 30 T.C. 701 (1958).

In both of these cases, the taxpayers sought to deduct the fair rental value of houses owned by them and occupied rent free by their former wives pursuant to divorce judgments. In each case, the judgment specified the particular house to be occupied by the wife. The courts held that the rent-free occupancy of the houses did not appear to be periodic payments in the ordinary sense, but even if the rental values of the houses were periodic payments taxable to the wives, they were not deductible by the husbands since such payments were not paid out of income taxable to the husbands.

These holdings do not support the petitioner's position. In *Pappenhiemer* and *Bradley*, the courts, in making the tentative finding that there were no periodic payments, heavily relied on the absence of payments made by the husbands for their wives' lodging and on the fact that the wives were given the right under the divorce judgments to occupy specific parcels of realty.

Neither of these facts exists in the present case. The divorce decree did not give the petitioner the right to occupy any specific premises, and it is therefore impossible to view the petitioner's right to free housing and heat as any kind of interest in property. More importantly, during the taxable year, payments were actually made by Mr. Marinello for the petitioner's rent and heat. It is true that the building in which the petitioner lived was owned by Mr. Marinello prior to being transferred by him to his wholly owned corporation, and that the rental payments were made to such corporation. However, corporations are ordinarily accorded separate identity from their shareholders, and there is no suggestion in either the facts of this case or the petitioner's arguments that the transfer of the residence at 96 Cross Street to Anthony Homes, Inc., or the payments made to such corporation by Mr. Marinello, should be ignored for tax purposes. Nor is there any suggestion that the payments made by Mr. Marinello did not equal the value of the occupancy allowed the petitioner.

Because rental and heat payments were actually made for the petitioner by Mr. Marinello, it is not necessary for us to reach the question of whether the bare transfer of occupancy constitutes a periodic payment. Clearly, Mr. Marinello made periodic payments during the taxable year for rent and heat in discharge of a legal obligation imposed on him by the divorce decree. Such payments are taxable to the petitioner under section 71(a)(1).

*Decision will be entered for the respondent.*