DENNY C. WILLIAMSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 7881-77.
United States Tax Court
T.C. Memo 1978-279; 1978 Tax Ct. Memo LEXIS 233; 37 T.C.M. (CCH) 1189; T.C.M. (RIA) 78279; July 25, 1978, Filed Denny C. Williamson, pro se. Isham B. Bradley, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 761.44 in petitioner's Federal income tax for the calendar year 1975. Other issues having been conceded or settled between the parties, the sole issue remaining for decision is whether petitioner is entitled to a deduction for alimony under section 215 [1] for certain amounts paid under the provisions of a judgment of annulment of the marriage of petitioner to a former spouse. *234 Petitioner resided in Henderson, North Carolina, at the time of the filing of his petition herein. He filed a Federal income tax return for the calendar year 1975 [2] with the Internal Revenue Service, Memphis, Tennessee. Petitioner's marriage to Jean Williamson was annulled by the North Carolina General Court of Justice, District Court Division, on April 10, 1972, on the ground that said marriage was bigamous by virtue of a prior undissolved marriage of petitioner. The judgment recited and adopted the agreement of the parties as follows: [The] Plaintiff and Defendant have agreed upon the following settlement of financial matters, to-wit: the Defendant, Denny C. Williamson, has agreed to pay the Plaintiff, Jean M. Williamson, for support of the minor child of the Plaintiff and Defendant the sum of $ 15.00 per week until the further orders of the Court; the sum of $ 123.76 per month to the mortgage-holder on the mobile home *235 of the Plaintiff and Defendant, which, upon payment, will be transferred to the Plaintiff (the said payments being 95 consecutive monthly payments hereafter); the sum of four payments of $ 45.00 per month on an air conditioner unit in the said mobile home; the sum of $ 35.00 per month for ten months on a color television set; and to maintain group insurance as now represented on a policy for the benefit of Shannon Williamson, or other like insurance for the said child; a like insurance policy on the life of that the Plaintiff will make the payments on the Ford Maverick automobile of Plaintiff and that the Defendant will pay the public liability and collision insurance and annual license tags on the said automobile; and IT FURTHER APPEARING TO THE COURT that the said agreement between Plaintiff and Defendant is fair and the Court therefore adopts the said agreement as the Judgment of the Court and orders the payment thereof as aforesaid; Petitioner's sole claim herein is that the $ 123.76 monthly payments in respect of the mortgage on the mobile home constitute alimony. [3] For the reasons hereinafter set forth, we think his claim should be rejected. *236 Initially, we put aside any considerations based upon any argument that North Carolina law may require the conclusion that the payments herein were related to a void marriage and therefore not based upon a marital relationship as required by section 71 and therefore a condition of section 215. Cf. Newburger v. Commissioner,61 T.C. 457 (1974). We thus turn directly to the question of the proper characterization of the mortgage payments. That question involves a factual determination whether such payments were part of a property settlement or constitute alimony. See Tracy v. Commissioner, 70 T.C.     (June 5, 1978); Joslin v. Commissioner,52 T.C. 231, 236 (1969), affd. 424 F.2d 1223 (7th Cir. 1970). After careful consideration, we are satisfied that they fall within the former category. See Sydnes v. Commissioner,68 T.C. 170, 176-177 (1977), affd. on this issue     F. 2d     (8th Cir., June 8, 1978). In an effort to enable petitioner to salvage some deductible amount separate and apart from the mortgage payments, the Court on its own initiative elicited evidence as to the rental value of the mobile *237 home. However, we are satisfied that petitioner is not entitled to any deduction for any amount representing such rental value. It is clear from the decided cases that, even assuming that a variety of other legal obstacles to finding such rental value was alimony under the circumstances of this case could be overcome, any deduction for the rental value of property of the petitioner occupied by his former spouse would have to be accompanied by the inclusion of an equivalent amount in income of petitioner, thus producing a "wash." Pappenheimer v. Allen,164 F.2d 428 (5th Cir. 1947); Bradley v. Commissioner,30 T.C. 701 (1958). See also Marinello v. Commissioner,54 T.C. 577, 579 (1970); Taylor v. Commissioner,45 T.C. 120, 125 (1965). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. The return was labelled as a joint return with Elizabeth Kay Williamson, and the notice of deficiency was issued in her name and that of petitioner. However, she did not join in the petition herein and therefore is not a party to this proceeding.↩
3. Petitioner recognized at the trial that some portion of the monthly payment represented interest which had already been deducted under that category.↩