PHILLIP L. STILES and JUANITA C. STILES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stiles v. Commissioner
Docket No. 15738-79.
United States Tax Court
T.C. Memo 1981-711; 1981 Tax Ct. Memo LEXIS 30; 43 T.C.M. (CCH) 107; T.C.M. (RIA) 81711; December 17, 1981. *30 Held, payments made by petitioner on mortgage and for repairs on home owned by petitioner but occupied by his former wife rent free under divorce decree are not deductible as alimony. Held, further, rental value of the home owned by petitioner but occupied by his former wife rent free under divorce decree is not deductible as alimony. John O. Hornung, for the petitioners. Robyn R. Jones, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined a deficiency of $ 297 in petitioners' Federal income tax for the taxable year 1977. After concessions by petitioners, the issues are: (1) Whether petitioners are entitled to a deduction under section 215 [1] (alimony) for certain payments made during taxable year 1977 and, (2) whether petitioners are entitled to a deduction under section 215 in an amount equal to the rental value of a residence furnished by petitioner Phillip L. Stiles for his former spouse. All of the facts have been stipulated and are found accordingly. Petitioners Phillip L. Stiles and Juanita C. Stiles, husband and wife, *31 resided in Oklahoma City, Okla., at the time of the filing of the petition herein. Petitioner Juanita C. Stiles is a party herein solely by reason of her filing a joint return with her husband, Phillip L. Stiles (hereinafter petitioner). Petitioner and Lois Ann Stiles, his wife by a previous marriage (hereinafter referred to as former wife), were married on June 20, 1958. In August 1966, petitioner and his former wife purchased a residence in Oklahoma City, Okla. (hereinafter referred to as the residence), as joint tenants. Petitioner and his former wife were divorced in 1973. The District Court of Oklahoma County, Okla., entered the final decree of divorce on July 31, 1973, which provided in part: IT IS * * * ORDERED * * * that the plaintiff [husband] receive as his share of the property of the parties * * * as his sole and separate property, free and clear of any claim or right of the defendant [former wife] (EXCEPT defendant's alimony judgment and other awards * * *); and he is hereby given and awarded in full and complete settlement, satisfaction and release of all his property rights the following: The residence of the parties * * * SUBJECT TO defendant's full benefit and *32 use of said residence and the furnishings therein; said benefit and use to be cancellable upon defendant's death or remarriage; and SUBJECT TO and ASSUMING any and all indebtedness thereon, including but not limited to the mortgage, taxes and insurance on said property. A certain 1967 Chevrolet Pick-up truck; Checking account in plaintiff's name in the First National Bank. Plaintiff's personal clothing and effects. IT IS FURTHER ORDERED * * * that defendant receive, as her share of the property of the parties, to have and possess as her sole and separate property, free and clear of any claim or right of the plaintiff therein, and she is hereby given and awarded in full and complete settlement, satisfaction and release of all her property rights * * * The full use and benefit of the residence of the parties * * * SUBJECT TO the terms and provisions as hereinabove set forth. A certain 1967 model Dodge Station Wagon, free and clear; Her personal clothing and effects. IT IS FURTHER ORDERED * * * that defendant receive as permanent alimony in money as and for support, and she is hereby given and awarded in full and complete settlement, satisfaction and release of all her alimony rights *33 the sum of Forty-eight thousand dollars ($ 48,000.00) to be paid by plaintiff as follows: Two hundred dollars ($ 200.00) per month, in regular monthly installments, for a period of twenty (20) years commencing August 3, 1973, and continuing thereafter until said Forty-eight thousand dollars ($ 48,000.00) is paid in full; PROVIDED, further that in the event of the death or remarriage of the defendant, the obligation of plaintiff to make further alimony payments shall immediately cease. Petitioner's former wife has lived in the residence since the date of the divorce until the date of trial. In 1977, petitioner made monthly payments in the amount of $ 110 to Mutual Federal Savings and Loan Association, in Oklahoma City, Okla. These payments were applied to principal, interest, real estate taxes and insurance premiums on the residence. Petitioner also paid, in 1977, $ 42.85 and $ 50 for plumbing repairs and yard work at the residence. In addition, during 1977, petitioner paid his former wife $ 200 per month for a total of $ 2,400 for the year, as required under the provisions of the divorce decree. Petitioner's former wife did not report the mortgage payments or payments for plumbing *34 repairs and yard work or the rental value of the residence as income in her 1977 Federal income tax return (Form 1040). On his 1977 U.S. Individual Tax Return petitioner took a deduction of $ 3,813.85 for alimony paid to his former spouse, which was comprised of the $ 2,400 cash paid to his former spouse pursuant to the provisions of the divorce decree, $ 1,320 paid on the home mortgage, $ 42.85 paid for plumbing repairs, and $ 50 paid for yard work. In the statutory notice of deficiency, respondent allowed petitioner a deduction of $ 2,400 and disallowed the remaining $ 1,412.85. The first issue is whether petitioner can deduct payments made on a home mortgage and payments for plumbing repairs and yard work on a residence he owned subject to his former wife's exclusive use until the earlier of her death or remarriage. Petitioner contends that the mortgage payments and the payments for plumbing repairs and yard work were made for the support and maintenance of his former wife and that such payments are therefore deductible under section 215. [2] Respondent counters that the mortgage payments made by petitioner were part of a property settlement between petitioner and his former wife *35 and are therefore not deductible under section 215. As to the payments for plumbing repairs and yard work, respondent contends that such payments were not incurred by petitioner under the decree or under a written instrument incident to the divorce and are likewise not deductible under section 215. For the reasons set forth below, we agree with respondent. Section 215 allows a husband a deduction for payments made to his former wife if such payments are includable in her gross income under section 71. Section 71(a) provides in part that if a wife is *36 divorced from her husband, the wife's gross income includes periodic payments received in discharge of a legal obligation, which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to the divorce. Section 71(a) applies only to payments made because of the family or marital relationship in recognition of the general obligation of support which is made specific by the decree. Section 1.71-1(b)(4), Income Tax Regs. Where in connection with a divorce a husband makes payments in satisfaction of the property rights of his wife, the amounts received by the wife are neither includable in her gross income under section 71 nor deductible by the husband under section 215. McCombs v. Commissioner, 397 F.2d 4, 7 (10th Cir. 1968), affg. a Memorandum Opinion of this Court; Bardwell v. Commissioner, 318 F.2d 786, 789 (10th Cir. 1963), affg. a Memorandum Opinion of this Court. Taylor v. Commissioner, 45 T.C. 120, 123 (1965). The determination of the character of the mortgage payments is a question to be resolved in light of the surrounding facts and circumstances. Wright v. Commissioner, 543 F.2d 593 (7th Cir. 1976), *37 affg. 62 T.C. 377; Ryker v. Commissioner, 33 T.C. 924 (1960). The dominant factor in making this determination is the intent of the parties. Wright v. Commissioner, supra; Phinney v. Mauk, 411 F.2d 1196, 1198 (5th Cir. 1969). Other factors the courts have looked to as indicative of a property settlement are (1) the presence of a fixed sum, (2) the fact that the payments are not related to the husband's income, (3) the continuation of the payments without regard to the remarriage or death of the wife, (4) the fact that the wife relinquished property interests in return for the payments, and (5) the fact that the husband's obligation to make the payments is secured. [3]
Applying these factors to the instant case, we find that the mortgage payments were part of a property settlement between the parties and not alimony. The intent of the parties, which as indicated above is the dominant factor in making this determination, was that the mortgage payments constitute a part of a property settlement. This is shown by the decree itself which provided that petitioner receive title to the residence subject to his paying *38 the mortgage thereon and that the former wife receive the exclusive use of the residence, "in complete settlement, satisfaction and release of all [the parties'] property rights." Furthermore, the parties provided for alimony of $ 200 per month in a part of the decree which was separate and apart from the property settlement, wherein provision was made for the mortgage payments. It is thus clear that under the decree the parties intended the payments on the home mortgage to be part of the property settlement and the payment of $ 200 per month to constitute alimony. We realize that the parties' characterization of payments as alimony or as a property settlement is not conclusive. Thompson v. Commissioner, 50 T.C. 522 (1968). However, in the instant case petitioner presented no evidence to show that the parties' dominant intent was contrary to that expressed in the decree. Furthermore, the parties did more than merely characterize the mortgage payments as part of the property settlement. Under the decree petitioner's former wife released title to the property in return for the exclusive use of the residence subject to petitioner's payment of the mortgage thereon and petitioner released *39 his right to the use and possession of the property in return for title to the residence. Thus, both parties relinquished substantial property rights in return for a portion of the marital property. In addition, petitioner, under the decree, agreed to take title to the residence subject to his paying off the mortgage. The amount of the mortgage still due and owing was a fixed sum. Finally, we note that the payment of the mortgage by petitioner was apparently not related to his income. Based on all these factors, we conclude that the payment of the mortgage by petitioner was a part of a property settlement and not alimony. Admittedly, some factors do not necessarily support a finding of a property settlement. These include the fact that the mortgage payments by petitioner and his former wife's use of the residence terminated at the earlier of her death or remarriage, and the fact that the payments by petitioner were not secured. However, based upon the record as a whole, we conclude that petitioner made the mortgage payments as part of a property settlement and not as alimony and, therefore, such amounts are not deductible under section 215. Even if we were to find that the mortgage *40 payments were not made as part of a property settlement, we would nonetheless still hold that they are not deductible under section 215. Under section 71(a), in order for periodic payments to be includable in the former wife's gross income and to be deductible by petitioner under section 215 the payments must be in discharge of a legal obligation that is imposed upon the husband due to the marital relationship. In the instant case petitioner was not discharging a legal obligation imposed due to the marital obligation but rather was discharging his own liability under the mortgage. Since title to the residence was in petitioner's name, the payments served only to increase his equity in the residence and did not benefit the former spouse in any way. Accordingly, such payments did not go to the former wife's support or maintenance. See Taylor v. Commissioner, supra.[4] The argument that the payments conferred an "economic benefit" on the former wife and therefore provided her with support and maintenance in the sense that if the payments had not been made and the residence was foreclosed upon, she would have possibly been deprived of her rent-free use of the home is too tenuous to *41 have substance. See Bradley v. Commissioner, 30 T.C. 701 (1958). The question still remains whether the payments made by petitioner for plumbing repairs and yard work on the premises are deductible under section 215 as alimony. The decree did not require petitioner to make these payments, nor did any written instrument incident to the divorce require him to do so. Section 71(a) requires that the payments be imposed under the decree or under a written instrument incident to the divorce to be includable in the wife's gross income and thus to be deductible by petitioner under section 215. Since this requirement was not met, the payments are not deductible. See Dauwalter v. Commissioner, 9 T.C. 580, 585 (1947); sec. 1.71-1(b)(1), Income Tax Regs.
The final issue is whether petitioner can deduct the rental value of the residence. For the same reasons that we held the mortgage payments were part of a property settlement and not alimony, we hold that the rental value of the residence was part of the property settlement.[5] Furthermore, it is clear from the decided cases that even if a variety of other obstacles could be overcome, any *42 deduction for the rental value of petitioner's residence occupied by his former spouse would be offset by an equivalent amount of rental income to petitioner. See Pappenheimer v. Allen, 164 F.2d 428 (5th Cir. 1947); Bradley v. Commissioner, supra.See also Marinello v. Commissioner, 54 T.C. 577, 579 (1970); Taylor v. Commissioner, supra at 125. [6] Therefore, we hold that rental value of the premises is not deductible by petitioner under section 215. Because we are unable to determine from the record whether itemized deductions for interest and taxes paid by petitioner, when added to other itemized deductions petitioners might be entitled to if claimed, sec. 1.63-1(a), Income Tax Regs., would exceed the zero bracket amount claimed by petitioners on their return, see n. 2, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Petitioner in his petition asserted alternatively that the portion of the mortgage payments attributable to interest and real property taxes are deductible under sections 163 and 164, and respondent concedes that petitioner is correct. However, petitioner used the zero bracket amount in computing his tax liability for 1977 and thus the interest and real property taxes are allowed as itemized deductions in computing taxable income only if the sum of these deductions plus all of petitioner's other itemized deductions for such year exceed the applicable zero bracket amount. See sec. 63, I.R.C. 1954, and sec. 1.63-1, Income Tax Regs.↩
3. See Riley v. Commissioner, T.C. Memo. 1979-237↩, and cases cited therein.
4. See also Fisher v. Commissioner, T.C. Memo. 1970-255↩.
5. See discussion at pages 8 and 9, supra↩. 6. See also Williamson v. Commissioner, T.C. Memo. 1978-279↩.