JANE N. ROTHSCHILD, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

MARCUS A. ROTHSCHILD AND BARBARA D. ROTHSCHILD,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 3004–80, 3161–80.    Filed January 28, 1982.

*Lester Dembitzer*, for the petitioner in docket No. 3004–80.

*Daniel J. Kornstein*, for the petitioners in docket No. 3161–80.

*Toby R. Rosenberg* and *Howard C. Rosenblatt*, for the respondent.

## OPINION

FAY, *Judge*: Respondent determined deficiencies in petitioners' Federal income tax as follows:

| Petitioner(s) | Year | Deficiency |
|---|---|---|
| Jane N. Rothschild | 1974 | $2,968.00 |
| | 1975 | 3,299.00 |
| | 1976 | 2,875.00 |
| Marcus A. Rothschild and Barbara D. Rothschild[1] | 1974 | 743.20 |
| | 1975 | 2,360.00 |
| | 1976 | 3,521.46 |

At issue is the characterization of payments made by

---

[1] Petitioner Barbara D. Rothschild is a party herein solely because she filed joint returns for the years in issue with petitioner Marcus A. Rothschild.

Marcus A. Rothschild to Jane N. Rothschild pursuant to a separation agreement executed by those parties.[2]

All the facts have been stipulated and are found accordingly.

Petitioners were residents of New York when they filed their respective petitions in this case.

Petitioners Marcus A. Rothschild and Jane N. Rothschild were married in 1952. On November 9, 1964, they executed a separation agreement and were divorced subsequently. Marcus A. Rothschild paid Jane N. Rothschild $13,800 annually ($1,150 per month) as alimony. The treatment of those payments is not at issue herein.

As part of the separation agreement, Jane N. Rothschild was given the right to occupy, free of charge, a cooperative apartment at 45 East 85th Street, New York, N.Y., until either she remarried or the youngest of her and Marcus A. Rothschild's children attained 21 years of age.[3] Marcus A. Rothschild agreed to pay the "rent" fixed in the proprietary lease affecting the cooperative apartment. Additionally, he agreed to pay any carrying charges or assessments relating to the apartment and to pay for any necessary painting and repairs. At all times relevant herein, Marcus A. Rothschild "owned" the cooperative apartment in that he owned 317 shares of the 45 East 85th Street Corp.

During the years in issue, Marcus A. Rothschild made payments imposed by the cooperative with respect to the apartment. None of those payments represented amortization of the mortgage on the apartment building. After excluding amounts attributable to interest and real estate taxes,[4] the amounts paid (hereinafter the lease payments) were as follows:

| | |
|---|---|
| 1974 | $4,764.26 |
| 1975 | 4,976.25 |
| 1976 | 5,052.50 |

Additionally, Marcus A. Rothschild expended $1,824 for paint-

---

[2]These cases have been consolidated for trial, briefing, and opinion.

[3]That right extends for a limited time if one of the children reaches 21 but is unmarried and living with Jane N. Rothschild.

[4]The parties agree that the portion of the payments attributable to interest and real estate taxes is deductible by Marcus A. Rothschild and is not income to Jane N. Rothschild.

ing and repairs (hereinafter repair costs) with respect to the cooperative apartment in 1976.

The separation agreement also required Marcus A. Rothschild to pay for a major medical insurance policy for Jane N. Rothschild. During the years in issue, he paid the following amounts as premiums for such a policy:

| 1974 | $148.78 |
|------|---------|
| 1975 | 174.42 |
| 1976 | 200.86 |

Those premium payments are to continue as long as Jane N. Rothschild is unmarried and the youngest child has not attained 21 years of age.

In his statutory notice of deficiency to petitioners Marcus A. Rothschild and Barbara D. Rothschild, respondent determined the lease payments, repair costs, and insurance payments were not deductible under section 215.[5] In his statutory notice of deficiency to petitioner Jane N. Rothschild, respondent determined the lease payments, repair costs, and insurance payments were income to her under section 71.

The issue before us is whether the lease payments, repair costs, and insurance premium payments made by Marcus A. Rothschild pursuant to a separation agreement executed by himself and Jane N. Rothschild are income to Jane N. Rothschild under section 71(a)(2). If so, those payments are deductible by Marcus A. Rothschild under section 215(a).

Section 71(a)(2) includes in the income of a wife separated from her husband, periodic payments made because of the marital or family relation.[6] Without attacking either the

---

[5] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

Marcus A. Rothschild and Barbara D. Rothschild did not claim a deduction for the payments at issue herein on their 1974 Federal income tax return. Thus, while respondent's statutory notice of deficiency determined a deficiency for that year arising from other matters, it did not disallow such a deduction. However, based on that deduction, those petitioners filed a timely claim for refund for 1974 which had not been disallowed when the notice of deficiency was mailed (see sec. 6512(b)(2)(C)(i)), and claimed entitlement to the deduction in their petition herein. Thus, the issue as to 1974 is properly before us. Sec. 6512(b)(1).

[6] Sec. 71(a)(2) applies herein since Marcus A. Rothschild and Jane N. Rothschild were separated, and the payments at issue herein were made pursuant to a written separation agreement. The record does not reveal whether the parties were divorced during the years in issue or whether the separation agreement was made part of a divorce decree. Thus, we

periodicity or the support nature of the lease payments and repair costs, Jane N. Rothschild contends neither of those two payments falls within section 71(a)(2) because (1) viewing Marcus D. Rothschild as "owner" of the cooperative apartment, those payments are more akin to mortgage payments than to rent and only incidentally benefit her while protecting and enhancing Marcus A. Rothschild's interest in the cooperative apartment, and (2) any inclusion in her income with respect to the cooperative apartment would be the same as including the fair rental value of that apartment in her income, which is improper under *Isaacson v. Commissioner*, 58 T.C. 659 (1972); *Bradley v. Commissioner*, 30 T.C. 701 (1958); and *Pappenheimer v. Allen*, 164 F.2d 428 (5th Cir. 1947). She makes no argument with respect to the medical insurance premium payments.

Marcus A. Rothschild contends the requirements of section 71(a)(2) are met with respect to all payments at issue herein. As to the lease payments and repair costs, he maintains those two payments are rent or akin to rent and, since they were made to the cooperative rather than to himself, they are deductible under *Marinello v. Commissioner*, 54 T.C. 577 (1970). While in most part a mere stakeholder in the consolidated matters before us, respondent takes the position that the lease payments and medical insurance premium payments fall within sections 71 and 215, while the repair costs do not.[7] We agree with Marcus A. Rothschild.[8]

In the tax law, a husband's provision of housing to his former or separated wife mandated by a divorce decree or written separation agreement is an area of marked uncertainty.[9] However, one of the settled rules is that when the wife has no ownership interest in her provided residence, the husband's

---

have no basis for applying sec. 71(a)(1). Nevertheless, in this case, the result would be the same regardless of which provision applies since a residence was not shared. See *Washington v. Commissioner*, 77 T.C. 601, 605 (1981) (Fay, J., dissenting).

[7]Respondent's sole contention with respect to the repair costs is they were not provided for in the separation agreement. We are at a loss to understand his position since that agreement provides that Marcus A. Rothschild "will pay for necessary repainting and * * * repairs."

[8]With respect to the medical insurance premium payments, no further discussion is required as they clearly fall within sec. 71(a)(2) so as to be income to Jane N. Rothschild and deductible by Marcus A. Rothschild. See *Isaacson v. Commissioner*, 58 T.C. 659, 666 (1972).

[9]For convenience, we shall treat the husband as being the payor or providing spouse because that comports with the facts before us. See sec. 7701(a)(17).

expenditures for mortgage payments on that residence do not fall within section 71 because those payments, while materially enhancing the owner's interest, are only of incidental or tenuous benefit to the wife. *Isaacson v. Commissioner, supra*; *Bradley v. Commissioner, supra*.[10] Jane N. Rothschild argues the repair costs and the lease payments made by Marcus A. Rothschild to the 45 East 85th Street Corp. fall within the spirit, if not the letter, of that rule. She characterizes the repair costs and lease payments as "maintenance" payments which enhance and protect Marcus A. Rothschild's investment rather than "rent" payments which insure her continued residence. While presented with no detail as to the exact nature of repairs made nor the exact use to which the lease payments were ultimately put, we conclude they are more akin to monthly rent than to mortgage payments. The separation agreement denominates them as rent, and no part of the payment was applied to mortgage amortization. Additionally, Marcus A. Rothschild agreed, under the separation agreement, to pay "other carrying charges or assessments" in addition to the repair costs and the lease payments. We are convinced those payments primarily served to insure a continued right to occupancy. Having concluded that those payments are not ones which primarily benefit Marcus A. Rothschild and are ones which more than incidentally benefit Jane N. Rothschild, we conclude her reliance on settled "mortgage payment law" is not well founded.

Even if the lease payments and repair costs are to be treated as rent, as we have found they must be, Jane N. Rothschild contends, given the nature of a cooperative housing arrangement, Marcus A. Rothschild was paying rent to himself. Thus, she reasons, he, in effect, is attempting to deduct fair market value which is impermissible under *Isaacson v. Commissioner, supra*; *Bradley v. Commissioner, supra*; and *Pappenheimer v. Allen, supra*.[11] We disagree.

A cooperative housing arrangement presents a unique

---

[10]On the other hand, the rule is far from settled when the wife does possess an ownership interest. See *Taylor v. Commissioner*, 45 T.C. 120 (1965).

[11]The parties treat as indubitable law the principle that fair rental value is not a sec. 71 periodic payment, and such seems to follow from this Court's adoption of *Pappenheimer v. Allen*, 164 F.2d 428 (5th Cir. 1947), in *Bradley v. Commissioner*, 30 T.C. 701 (1958). However,

situation in which one owns shares in a corporation, but those shares give rise to a right to occupy a house or apartment owned or leased by the corporation. See P. Anderson, Tax Factors in Real Estate Operations 369 (5th ed. 1978). While in certain instances the Internal Revenue Code specifically recognizes a cooperative shareholder's ownership interest in the corporation's property (see, e.g., secs. 216, 121(d)(3)), that does not give us carte blanche authority to ignore the corporate entity. In fact, the very existence of those Code provisions indicates that, for tax purposes, tenant-shareholders in a cooperative housing corporation are to be treated as owners of the units they have the right to occupy only to a very limited extent.[12] We are convinced this case falls precisely within the rule of *Marinello v. Commissioner*, 54 T.C. 577 (1970),[13] that rent paid to a third party lessor to effect a duty to provide housing falls within sections 71 and 215.

*Decisions will be entered under Rule 155.*

---

on that question in *Isaacson v. Commissioner, supra,* and *Taylor v. Commissioner, supra,* it was the burden of proof rather than a rule of law which led to decisions against the providing husbands.

[12]See *Lake Forest, Inc. v. Commissioner,* T.C. Memo. 1963–39.

[13]*Marinello v. Commissioner,* 54 T.C. 577 (1970), involved rent payments made by a husband to his wholly owned corporation.