T.C. Summary Opinion 2006-92


UNITED STATES TAX COURT


JEFFREY ERCOLINO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14127-04S.              Filed May 30, 2006.


Eugene F. Crowe (specially recognized), for petitioner.

William C. Bogardus, for respondent.


CARLUZZO, Special Trial Judge:  This case for the redetermination of a deficiency was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 2002.  The decision to be entered is not reviewable by

any other court, and this opinion should not be cited as authority.

Respondent determined a $2,146 deficiency in petitioner's 2002 Federal income tax and imposed a $429.20 section 6662(a) penalty.

The issues for decision are: (1) Whether petitioner is entitled to an alimony deduction; and (2) whether the underpayment of tax required to be shown on petitioner's 2002 Federal income tax return is due to negligence or intentional disregard of rules or regulations.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Fresh Meadows, New York.

Petitioner and Constanza E. Ercolino (petitioner's former spouse) married on June 10, 1995. They have at least one child, who was born in July 1997. Petitioner and his former spouse separated in December 1997; their marriage was terminated by decree of divorce dated December 4, 2002. Relevant provisions of the divorce decree (including documents adopted by reference and incorporated into that decree): (1) Refer to the counterclaim filed in the divorce proceeding by petitioner's former spouse in which she requested, among other things, an award of alimony pendente lite and permanent alimony, (2) note that petitioner and

his former spouse were advised by counsel; (3) establish that pre-existing child support orders remain in effect; and (4) provide that petitioner and his former spouse "mutually remise, release, quit claim and forever discharge the other * * * from any and all rights * * * including * * * any rights * * * which either party may have for future spousal support or maintenance, alimony, [or] alimony pendente lite".  Furthermore, in a document incorporated into the divorce decree, petitioner and his former spouse agreed that it was the "sole responsibility of each * * * to sustain themselves without seeking any support from the other".

During their marriage and prior to their separation, petitioner and his former spouse resided together in Stroudsburg, Pennsylvania, in a house owned by petitioner, but subject to a mortgage (the marital residence).  Petitioner, the sole mortgagor on the mortgage, apparently defaulted on the mortgage payments prior to the year in issue.  As a result, pursuant to foreclosure proceedings the marital residence was sold on November 16, 2000.  Following the foreclosure sale, petitioner's former spouse and child moved to a rented residence.

According to the stipulation of facts, on October 27, 1998, petitioner's former spouse "made a request for child support and spousal support" of $250 per week.  The record does not reveal to whom the request was made or provide the outcome of the request.

By order dated May 28, 1999 (the May order), petitioner was obligated to pay biweekly child support of $318.46, plus the "entire mortgage" on the marital residence.  As best can be determined from the record, the reference to the "entire mortgage" in the May order did not require petitioner to pay completely the then-outstanding balance on the mortgage; rather it required him to continue to make the then-in-effect $1,200 monthly mortgage payments (plus any arrearage).  The May order suggests that $600 (one-half) of the monthly mortgage payment is attributable to petitioner's former spouse and child, and he is given credit for this amount against his "CSSA obligation" of $1,290 per month support obligation otherwise determined in that order.

Taking into account various relevant factors under New York law, petitioner's monthly support obligation is expressly calculated in the May order as follows: "$600 for payment of mortgage [on the marital residence] for spouse and child -- leaving his support obligation of $690 per month or $318.46 bi-weekly".

At the time the May order was issued petitioner was apparently making the mortgage payments directly to the mortgagee.  This changed at some point, and petitioner became obligated to pay to his former spouse the $600 described above.  This change is reflected in an order dated February 10, 2000 (the

February order), that supersedes the May order and establishes petitioner's support obligation at "$593.38 bi-weekly for one child". Mortgage payments are not referenced in the February order. The biweekly payments totaling $15,480[1] were withheld from petitioner's wages during the year in issue.

Although the terms of the May order differ from the terms of the February order, simple mathematics establishes that petitioner's support obligation as stated in terms of dollars and cents did not change from one order to the next. The manner in which petitioner treated support payments (including mortgage payments made directly to the mortgagee or indirectly to his former spouse) on his Federal income tax returns for years after he separated from his former spouse, but prior to the year in issue, has not been made part of the record.

As relevant here, on his timely filed 2002 Federal income tax return petitioner claimed a $7,800 alimony deduction. In the notice of deficiency, respondent disallowed that deduction because petitioner had "not provided verification * * * [he was] entitled to the credit".[2] Respondent further determined that the underpayment of tax required to be shown on petitioner's 2002 return is due to negligence or intentional disregard of rules or

[1] This amount is rounded, as $595.38 multiplied by 26 equals $15,479.88.

[2] Following the parties' lead, we ignore respondent's misuse of the term "credit".

regulations and imposed a section 6662(a) accuracy-related penalty. Other adjustments made in the notice of deficiency are computational and need not be addressed.

## Discussion

### 1. Alimony Deduction

Petitioner claimed a $7,800 alimony deduction on his 2002 return. As best can be determined from the record, this amount represents petitioner's estimate of how much of the $15,480 withheld from his wages and presumably paid to his former spouse is allocable to other than child support, which petitioner recognizes is not deductible as alimony. See secs. 71(c), 215. According to respondent, the entire amount represents child support, and no portion is deductible as alimony.

It appears that the amount petitioner deducted as alimony in some way or another is traceable to mortgage payments on the marital residence that petitioner was required to make directly to his former spouse after he separated from her.[3] Although we fail to fully comprehend petitioner's position, we do not hesitate to reject it for the simple reason that he made no mortgage payments, directly or indirectly, on the marital residence during 2002. The marital residence was foreclosed

---

[3] For a discussion on this point, see, e.g., Grutman v. Commissioner, 80 T.C. 464 (1983).

upon and sold in 2000.  Petitioner attempts to avoid the unavoidable consequence of this fact by suggesting that a portion of the support obligation imposed in the February order should be attributable to his obligation to pay a portion of the rent incurred by his former spouse after moving from the marital residence.  See Marinello v. Commissioner, 54 T.C. 577 (1970).  The terms of the February order, however, impose no such obligation upon him.

Furthermore, petitioner's position ignores the reality that the February order expressly establishes petitioner's child support obligation at $1,290 per month.  The May order allowed him to offset $600 per month from this amount on account of the mortgage payments made directly to the mortgagee; the February order requires him to pay the full amount directly to his former spouse, albeit through withholding from his wages.  Petitioner's child support obligation as established by the February order totals $15,480 per year, the amount withheld from his wages.

The February order apparently remained in effect as of the beginning of 2002, and it continued in effect pursuant to the divorce decree entered later that year.  Neither the February order, nor the divorce decree provide for any form of spousal support or alimony to be paid by petitioner to his former spouse during the year in issue.

The $15,480 petitioner paid to his former spouse during the year in issue constitutes child support; no portion of that payment is allocable to alimony.  Sec. 71(c).  It follows that petitioner is not entitled to an alimony deduction for 2002, and respondent's disallowance of that deduction is sustained.

2. Negligence Penalty

According to respondent, the underpayment of tax required to be shown on petitioner's 2002 return is due to negligence or intentional disregard of rules or regulations.  See sec. 6662(a), (b)(1), and (c).  Respondent bears the burden of production with respect to the imposition of the penalty.  Sec. 7491(c).

In this case the "underpayment of tax" equals the deficiency, which except for derivative computational adjustments, results from the disallowance of the alimony deduction discussed above.  Secs. 6211, 6664(a); sec. 1.6664-2(a), Income Tax Regs.  Respondent argues that petitioner, by deducting as alimony a portion of child support payments made during the year in issue, was "negligent" within the meaning of section 6662(a).

Because the parties are well-versed in the controlling principles, we see little point in burdening this summary opinion with a detailed discussion of negligence, as that term is used in the Internal Revenue Code.  Suffice it to note that

some of the facts in this case support the imposition of the penalty. For example, the February order refers only to child support, and the above-quoted portion of the divorce decree establishes that petitioner's former spouse waived any right to alimony or spousal support. We assume that petitioner was well aware of this as the divorce decree expressly states that he was advised by counsel during the divorce proceedings. Be that as it may, he claimed an alimony deduction.

On the other hand, we do not view the deduction here in dispute to be one that "would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". Sec. 1.6662-3(b)(1)(ii), Income Tax Regs. Furthermore, other than the nature of petitioner's employment, the record contains nothing about his "knowledge, experience and education", sec. 1.6664-4(b), Income Tax Regs., that would have relevance to the imposition of the penalty.

Similarly, the record fails to disclose how petitioner treated support payments made in prior years on his Federal income tax returns for those years. The absence of such information, coupled with references to "child and spousal support" (emphasis added) in the stipulation of facts and May order, undermines respondent's position that the imposition

of the section 6662(a) negligence penalty is appropriate in this case.

On balance, we find that petitioner is not liable for the section 6662(a) penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered
for respondent with respect to
the deficiency and for petitioner
with respect to the section
6662(a) penalty</u>.